UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**WILLIAM KING**                                                **CASE NO. 6:20-CV-01524 SEC P**

**VERSUS**                                                            **JUDGE ROBERT R. SUMMERHAYS**

**PARISH OF EVANGELINE, ET AL**     **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

*Pro se* plaintiff William King, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 30, 2020 (rec. doc. 1), and an amended petition, on the correct forms, December 29, 2020 (rec. doc. 4). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Avoyelles Marksville Detention Center in Marksville, Louisiana. He brings claims against Evangeline Parish, the State of Louisiana, Evangeline Parish District Attorney's Office, Evangeline Parish Sheriff, Ella Anderson and the Louisiana Office of the Attorney General, He seeks monetary damages from the defendants and asks this Court to remove his name from the sex offender registry and release him from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the

standing orders of the Court. For the following reason it is recommended that the complaint be **DISMISSED WITH PREJUDICE**.

## *Background*

Plaintiff complains that he completed a sentence in June 2001 and was subsequently made to register as a sex offender due to the fact that his victim was a minor. Rec. Doc. 4, p. 3. However, he alleges that the victim was actually 23-years-old. *Id.* He contends that he is currently being held without bond for failing to register. *Id.*

He seeks $25 million in damages from the defendants and asks this Court to release him from any future registry list and immediately release him from jail. *Id.* at p. 4.

## *Law and Analysis*

### 1. Frivolity Review

Williams has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

## 2. *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court concluded that a claim calling into question the legality of a conviction is not cognizable in a civil rights action. In order to recover damages based upon an allegedly unconstitutional conviction, the plaintiff must demonstrate that his conviction has been overturned or declared invalid. 512 U.S. at 486-87. *Heck* also applies where a plaintiff seeks injunctive relief which, if granted, would necessarily imply that a conviction is invalid. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (a prisoner's civil rights action is barred, no matter what relief is sought, if success would necessarily demonstrate the invalidity of a criminal conviction).

A finding in plaintiff's favor in this matter would necessarily imply that he should not have been required to register as a sex offender. This would call into question the validity of his conviction for failing to comply with sex offender registration requirements. As plaintiff has not alleged that his conviction has been overturned or otherwise declared to be invalid, he has failed to state a claim upon which relief may be granted.

### 3. *Habeas Relief*

Plaintiff also prayed for his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action. To the extent that he maintains that his custody is pursuant to the judgment of a state court, he must seek relief in a petition for habeas corpus pursuant to 28 U.S.C. §2254; to the extent that he otherwise claims that his incarceration is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's court system.

Since release from custody is not available in this proceeding, plaintiff fails to state a claim for which relief may be granted and therefore his requests for release

from custody should be dismissed for failing to state a claim for which relief may be granted.

## *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 24th day of March, 2021.

                                      **Carol B. Whitehurst**
                                      **United States Magistrate Judge**